UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION - DETROIT

In Re: Nancy M. DeWachter

                        Debtor,

Case No. 12-47135
Chapter 13
Hon. Phillip J. Shefferly

_____/

WELTMAN, WEINBERG & REIS CO., L.P.A
By: David A. Wolfe (P60235)
Attorneys for Creditor
U.S. Bank N.A. ND
2155 Butterfield Drive, Suite 200-S
Troy, Michigan 48084
248-362-6142
dwolfe@weltman.com


Neal J. Brand (P-60137)
Attorney for Debtor
21700 Northwestern Hwy, Ste., 670
Southfield, MI 48075
248-423-4500
_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAYAND TO WAIVE FOURTEEN-DAY STAY PURSUANT TO RULE 4001(A)(3)

U.S. Bank N.A. ND, ("Creditor") by and through its attorneys, Weltman, Weinberg & Reis Co. L.P.A., for its Motion for Relief from the Automatic Stay, states:

1. This action is commenced pursuant to 11 U.S.C. § 361, 362, 363 and other Sections of Title 11 of the Bankruptcy Code.

2. Debtor, Nancy M. DeWachter, filed a petition seeking relief under 11 U.S.C., Chapter 13, on March 22, 2012.

3. Pursuant to the provisions of 11 U.S.C. § 362(a), the filing of the Debtor's petition operates as an automatic stay against U.S. Bank N.A. ND's rights as a secured creditor to proceed against Debtor's property. A copy of the Creditor's proposed Order is attached as **Exhibit A.**

4. On May 10, 2011, the Debtor executed and delivered to Creditor a certain Promissory Note and Security Agreement ("Contract") in the amount of $11,737.97, (**Exhibit B**) which is secured by a security interest in a 2006 HONDA ODYSSEY, Motor Vehicle Identification Number 5FNRL38206B071330 (**Exhibit C**).

5. There remains due and owing on the Promissory Note and Security Agreement, the sum of $9,484.36 plus interest.

6. Creditor has not been adequately protected by periodic payments or otherwise since the filing of the Debtor's petition and there are arrearages of $7,890.32 as of the date of the filing of this Motion, for the months of May 9, 2014 through September 24, 2014, plus late charges.

7. Creditor believes that the Collateral has a value of $8,825.00 as evidenced by the attached **Exhibit D**; that Nancy M. DeWachter may have no equity in the collateral that is the subject of its Promissory Note and Security Agreement; and, that said property may be of inconsequential value to the estate.

8. Continuation of the automatic stay will work real and irreparable harm to U.S. Bank N.A. ND and will deprive it of the adequate protection to which it is entitled for the following reasons, among others:

- Debtor may be without funds necessary to preserve and maintain the property in good condition. The condition of the collateral is decreasing.
- Interest continues to accrue on U.S. Bank N.A. ND's claim, against Debtor and Debtor's contract is more than five months in arrears.

9. Pursuant to Debtor's Chapter 13 Plan, Debtor intends to pay Creditor directly.

10. Creditor's counsel on October 24, 2014, contacted Debtor's counsel for concurrence on its Motion for Relief. To date, Creditor has neither received concurrence to its motion nor received a response from Debtor's counsel.

11. U.S. Bank N.A. ND is entitled to relief from stay to recover possession of the property and liquidate its security interest.

12. Creditor is informed and believes that no other party has an interest in the collateral above.

13. U.S. Bank N.A. ND specifically requests that the fourteen-day stay pursuant to Rule 4001(a)(3) prior to enforcement of the order requested herein be waived; such grace period is designed solely for appeal purposes, and an appeal in this matter would be frivolous and without merit.

THEREFORE, U.S. Bank N.A. ND respectfully requests that this honorable Court enter its Order lifting the automatic stay so as to permit U.S. Bank N.A. ND to proceed to enforce its security interest in the property, and awarding such other and further relief in favor of Creditor as the Court deems appropriate under the facts and circumstances of this case.

        Respectfully submitted,
        **WELTMAN, WEINBERG & REIS CO., L.P.A.**

Dated: October 24, 2014

    By: /s/ David A. Wolfe
        David A. Wolfe (P60235)
        Attorneys for Creditor
        U.S. Bank N.A. ND
        2155 Butterfield Drive, Suite 200-S
        Troy, Michigan 48084
        248-362-6142
        dwolfe@Weltman.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION - DETROIT

In Re: Nancy M. DeWachter

          Debtor,

Case No. 12-47135
Chapter 13
Hon. Phillip J. Shefferly

_____/

WELTMAN, WEINBERG & REIS CO., L.P.A
By: David A. Wolfe (P60235)
Attorneys for Creditor
U.S. Bank N.A. ND
2155 Butterfield Drive, Suite 200-S
Troy, Michigan 48084
248-362-6142
dwolfe@weltman.com

Neal J. Brand (P-60137)
Attorney for Debtor
21700 Northwestern Hwy, Ste., 670
Southfield, MI 48075
248-423-4500

_____/

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE FOURTEEN-DAY STAY PURSUANT TO RULE 4001(a)(3)

The Court finding that a Motion for Relief from the Automatic Stay has been filed by Creditor, U.S. Bank N.A. ND, in the above entitled matter; and the Court finding that L.B.R. 9014-1 (c) provides for entry of an Order if a response has not been filed within 14 days after service of the Motion on the parties; and

the Court finding that no response has been filed within 14 days and having noted that Creditor U.S. Bank N.A. ND has complied with applicable provisions of L.B.R. 9014-1 and L.B.R. 4001.1; and,

the Court having determined that continuation of the automatic stay against Creditor U.S. Bank N.A. ND would deny it the adequate protection afforded to it on its security interest pursuant to 11 U.S.C. § 361(3);



**IT IS ORDERED** that the Motion for Relief from the Automatic Stay as to U.S. Bank N.A. ND is granted.

**IT IS FURTHER ORDERED** that the Automatic Stay as to U.S. Bank N.A. ND's lien interest in a 2006 HONDA ODYSSEY, Motor Vehicle Identification Number 5FNRL38206B071330 is lifted and U.S. Bank N.A. ND (20731843) is permitted to enforce its security interest and liquidate the property. Any surplus remaining after the sale of the property shall be turned over to the Trustee.

**IT IS FURTHER ORDERED** that the fourteen-day stay imposed by Rule 4001(a)(3) is hereby waived.

**IT IS FURTHER ORDERED** that this Order shall remain valid notwithstanding conversion of this case to any other chapter under the Bankruptcy Code.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over all matters relating to enforcement of this order.

## PROMISSORY NOTE AND SECURITY AGREEMENT

| BORROWER(S): | LENDER: U.S. Bank, N.A. | DATE: |
|---|---|---|
| Name(s): Nancy M Dewachter | 5065 Wooster Pike | 05/10/2011 |
| Address: 30216 Becky Ln   Romulus, MI 48174 | Cincinnati OH, 45226 | |

**PROMISE TO PAY AND PAYMENT TERMS.** This Promissory Note and Security Agreement ("Note") governs your loan with U.S. Bank, N.A. ("LENDER"). By signing below, you agree to all terms and conditions of this Note and acknowledge receipt of these documents. BORROWER(S) means everyone who signs below as a borrower, jointly and severally. "You" and "your" refer to BORROWER(S) while "we," "us," and "our" refer to LENDER. You promise to pay us the principal amount of $11,837.97 plus finance charges accruing on the unpaid balance at the rate of 4.900 % per year until paid in full. Finance charges accrue on a 365 day basis (366 days in a leap year). You agree to pay this Note according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Note.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE. The cost of your credit as a yearly rate. | FINANCE CHARGE. The dollar amount the credit will cost you. | Amount Financed. The amount of credit provided to you or on your behalf. | Total of Payments. The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 5.3309 % | $ 1,321.87   e | $ 11,737.97 | $ 13,059.84   e |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 48 | $ 272.08 | Monthly beginning 06/09/2011 |
| N/A | N/A | |

Security: You are giving a security interest in the Collateral being purchased with the loan proceeds.
Late Charge: If all or any portion of any payment is not received within 5 days after its due date, a charge will be made for late payment in the amount of $29.
Prepayment: You may pay off this Note early. If you do so, you will have to pay a penalty equal to the greater of 1% of the principal balance at the time of prepayment or $75.
Note Document: See the terms and conditions of this Note for any additional information about nonpayment, default, any required repayment in full before the scheduled due date, and prepayment refunds and penalties.

e =estimate

### ITEMIZATION OF AMOUNT FINANCED

| | | | | | |
|---|---|---|---|---|---|
| 1. Amount given to you directly | | | | $ | 0.00 |
| 2. Amount paid on your account | | | | $ | 11,034.88 |
| 3. Amounts paid to others on your behalf | | | | | |
| (A) | Amount paid to Public Officials | | | $ | 0.00 |
| (B) | Amount paid to Eclipse | for | VSI Insurance | $ | 50.00 * |
| (C) | Amount paid to U.S. Bank N. A. | for | Origination fee | $ | 100.00 * |
| (D) | Amount paid to NA | for | NA | $ | 0.00 * |
| (E) | Amount paid to State of MI | for | Sales Tax | $ | 653.09 * |
| 4. Prepaid Finance Charge | | | | $ | 100.00 |
| 5. Amount Financed (1 + 2+ 3-4) | | | | $ | 11,737.97 |

* Lender may retain a portion of these amounts.

**SECURITY AGREEMENT.** To secure payment of this Note and performance of your obligations under this Note, you grant us a security interest in the Collateral described below plus any accessories, equipment and replacement parts installed in the Collateral, any accessions to the Collateral and the proceeds of the Collateral. The Collateral consists of the following: Year **2006**   Make **HONDA**
Model **ODYSSEY LX**   Vehicle Identification Number **5FNRL38206B071330**

You will not use or permit the Collateral to be used: (1) for any improper or illegal purpose, or to commit any illegal act; (2) to transport passengers or goods for hire; (3) in a way that causes the cancellation or suspension of any applicable insurance or manufacturer's warranty; (4) outside of the state where you reside for more than 30 consecutive days without our prior written approval; (5) outside of the United States for any period of time; (6) for any use not recommended by the manufacturer; or (7) by an unlicensed operator. You will not allow any lien or encumbrance to attach to the Collateral. You will deliver the Collateral to such location that we require for our inspection at any time during term of this Note.

**NOTICE FOR FLORIDA ONLY.** Florida documentary stamp tax required by law in the amount of $ 0.00 has been paid or will be paid to the Department of Revenue. Certificate of registration No. 310841368-004.

### CAUTION–IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

NOTICE TO BORROWER: (a) DO NOT SIGN THESE LOAN DOCUMENTS BEFORE YOU READ THE WRITING ON THE SECOND AND THIRD PAGES, EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THE LOAN DOCUMENTS.

EACH BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS NOTE.

X *Nancy DeWachter*   X _____
BORROWER   CO-BORROWER

NOTICE: SEE SECOND AND THIRD PAGE FOR IMPORTANT INFORMATION AND ADDITIONAL TERMS AND CONDITIONS WHICH ARE PART OF THIS NOTE

EXHIBIT B

## PROMISSORY NOTE AND SECURITY AGREEMENT (continued)

**ORIGINATION FEE.** You agree to pay a nonrefundable origination fee in the amount shown in Item 3(C) of the ITEMIZATION OF AMOUNT FINANCED. This fee will be withheld from the proceeds and is included in the principal sum.)

**VENDOR'S SINGLE INTEREST INSURANCE. (VSI)** If permitted by applicable law, insurance coverage to protect LENDER for loss or damage to the Collateral (collision, fire and theft) is required. You have the option of furnishing the required insurance either through your existing policies or you may purchase equivalent insurance coverage through anyone you wish acceptable to LENDER. If you elect to purchase this coverage through LENDER, the cost of such insurance is shown in Item 3(B) of the ITEMIZATION OF THE AMOUNT FINANCED. The coverage is for the initial term of the Note. Vendor's Single Interest Insurance is for our sole protection, and your interest is not covered. This insurance does not protect your interest in the Collateral. The charge for this coverage is not refundable upon prepayment unless such a refund is required by law.

**GOVERNING LAW.** This is a most favored lender loan made pursuant to federal law and the laws of the State of Ohio. If you are a resident of Maryland, this Note is also made subject to the applicable provisions of Subtitle 10 of Title 12 of the Commercial Law Article of the Maryland Code.

**FINANCE CHARGE.** This is a simple interest Note. The Finance Charge is figured on a 365 day simple interest basis by applying the ratio of the Annual Percentage Rate over 365 (366 in a leap year) multiplied by the outstanding principal balance and multiplied by the actual number of days the principal balance is outstanding. Your actual Finance Charge will depend on your payment patterns. The actual Finance Charge may be more than the Finance Charge disclosed on page one of this Note if you make your payments later than the scheduled dates or in less than the scheduled amount. Each payment you make on this Note will be applied first to accrued interest, then to principal, and then to any charges that are neither interest nor principal, and then to remaining principal. The portion applied to principal will be the difference between the total scheduled payment and the actual accrued interest; any excess over accrued interest and this principal will then be applied to charges (such as late fees) and, if such charges are paid, to remaining principal. You may prepay this Note at any time. If you prepay this Note, you will have to pay a penalty equal to the greater of 1% of the principal balance at the time of prepayment or $75.

**INSURANCE.** You agree to obtain, pay for and maintain insurance for the term of this Note against loss of or damage to the Collateral with a policy acceptable to us. This policy may be obtained through an existing policy of insurance owned or controlled by you or from an insurer and agent of your choice that is authorized to sell such insurance and is reasonably acceptable to us. The insurance you maintain will include comprehensive fire, theft, and collision coverage, insuring the Collateral in an amount sufficient to cover the Collateral's actual cash value with a maximum deductible of $1,000. You must name us as loss payee. You must provide us with a copy of your insurance policy acceptable to us within 30 days after the date of this Note and thereafter upon request. You agree to assign the proceeds of any insurance to us to the extent of the debt you owe and agree that the insurance company may pay us directly. You agree that we have an irrevocable power of attorney to file proofs of loss and anything else necessary to obtain the insurance proceeds in your name, including without limitation, the right to endorse your name on any insurance draft, check or instrument. If the Collateral is stolen, lost, damaged or destroyed, we can use any insurance settlement either to repair the Collateral or to apply to your debt. Whether or not the Collateral is insured, you will pay us all you owe under this Note even if the Collateral is stolen, lost, damaged, or destroyed. Liability insurance coverage for bodily injury and property damage caused to others is not included as part of this Note.

**DEFAULT.** To the extent permitted by state law, you will be in default under this Note if any of the following things happen: (1) You fail to make any payment in full or fail to pay any other charge; (2) You break any promise or condition made in this Note or in any other agreement you have with us; (3) You fail to keep required insurance in force; (4) You give us false or misleading information on your application or any other document; (5) You die, are declared incompetent, become insolvent, file a bankruptcy petition, have a bankruptcy petition filed against you or dissolve or cease active business affairs; (6) the Collateral is seized, confiscated or levied upon by governmental or legal process; (7) the Collateral is destroyed, stolen or damaged beyond repair; (8) your license to operate the Collateral is revoked (9) if the Collateral is not maintained in a condition acceptable to LENDER; (10) if you fail to pay any taxes which may be levied upon the Collateral; or (11) anything else happens that we reasonably believe in good faith endangers the Collateral or your ability to pay.

**REMEDIES FOR DEFAULT.** If you are in default under this Note, we may take any one or more of the following actions, to the extent not prohibited by state law: (1) Terminate this Note and declare the entire unpaid debt immediately due and payable, if allowed by law; (2) Take possession of the Collateral without prior demand, unless otherwise required by law (We may take any personal property that is in or on the Collateral when we take it. We will hold the personal property for you for 10 days, but we will neither be responsible for safekeeping such property nor be required to notify you about it. If you do not pick up the property within that time, we may dispose of it in any way we determine.); (3) Take any reasonable action to correct the default or to prevent our loss (You agree to reimburse us for any amounts we pay to correct or cover your default.); (4) Require you to return the Collateral and any related records or make them available to us in a reasonable manner; (5) Make a claim for any and all insurance or service contract benefits or refunds that may be available on your default or on the termination of the Note and apply any amount received to the amount you owe; or (6) Use any remedy we have at law or in equity.

If you make any payment after we have demanded payment of the entire balance due, your payment will be applied to the unpaid balance. Your debt will be the unpaid balance of the amount financed, plus accrued finance charges, unpaid late charges, collection costs, and all other amounts due to us under this Note. If the net proceeds of the Collateral sold do not pay your indebtedness in full, you will pay us the difference, plus interest at the Annual Percentage Rate until paid in full.

**ADDITIONAL DEFAULT REMEDIES** *(Louisiana only).* If you fail to make two consecutive monthly payments, or fail to make a payment for 60 days if your scheduled payments are more frequent than monthly, we may have additional remedies as provided in the Louisiana Additional Default Remedies Act. Louisiana law permits repossession of motor vehicles without judicial process.

**CONFESSION OF JUDGMENT** *(Louisiana only).* You confess judgment in favor of us for the full amount of this Note for purposes of Louisiana's executory process procedures.

**WAIVER** *(Louisiana only).* To the extent permitted under applicable law, you waive: A. The benefit of appraisal as provided under Articles 2332, 2336, 2723 and 2724 of the Louisiana Code of Civil Procedure, and all other laws with regard to appraisal upon judicial sale; B. The notice of seizure provided under Article 2293 of the Louisiana Code of Civil Procedure; C. The 3 days' delay provided under Articles 2331 and 2722 of the Louisiana Code of Civil Procedure; and D. All other provisions provided under Articles 2331, 2722 and 2723 of the Louisiana Code of Civil Procedure and all other Articles not specifically mentioned above.

**KEEPER** *(Louisiana only).* You authorize us to appoint a keeper of the vehicle under La.R.S. §§ 9:5136 through 9:5140.2 if the vehicle is taken from you through legal proceedings. You authorize us to appoint ourselves or someone else we choose as keeper.

**RETURNED INSTRUMENT CHARGE.** If you make a payment by check, draft, or order or other similar instrument which is returned to us unpaid for any reason, including, but not limited to, non-sufficient funds, you will pay a returned instrument charge assessed by the institution for processing a refused instrument plus a handling fee of not more than $25. The returned instrument charge may be added, without notice, to your outstanding balance under this Note and accrue interest at the Annual Percentage Rate.

12-47135-pjs    Doc 28    Filed 10/29/14    Entered 10/29/14 14:39:04    Page 7 of 15

## PROMISSORY NOTE AND SECURITY AGREEMENT (continued)

**SET-OFF.** You agree that we may set off any amount due and payable under this Note against any right you have to receive money from us. "Right to receive money from us" means (1) any deposit account balance you have with us; (2) any money owed to you on an item presented to us or in our possession for collection or exchange; and (3) any repurchase agreement or other non-deposit obligation. "Any amount due or payable under this Note" means the total amount of which we are entitled to demand payment under the terms of this Note at the time we set of. This total includes any balance the due date for which we properly accelerate under this Note. If your right to receive money from us is also owned by someone who has not agreed to pay this Note, our right to set-off will apply to your interest in the obligation and to any other amounts you could withdraw on your sole request or endorsement. Our right to set-off does not apply to an account or other obligation where your rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account. We will not be liable for the dishonor of any check when the dishonor occurs because we set off this debt against any of your accounts. You agree to hold us harmless from any such claims arising as a result of our exercise of our right to set-off.

**LIMITED POWER OF ATTORNEY.** You authorize us to act as your attorney-in-fact to satisfy your obligations under this Note and as permitted by applicable law. This authority includes, but is not limited to, the following: (1) making and settling insurance claims on your behalf relating to the Collateral; and (2) executing any documents necessary to perfect our lien on the Collateral.

**ARBITRATION.** You agree that if a dispute of any kind arises out of this agreement, either you or we can choose to have that dispute resolved by binding arbitration. If arbitration is chosen by any party, neither you nor we will have the right to litigate that claim in court or to have a jury trial on that claim, or to engage in pre-arbitration discovery, except as provided for in the arbitration rules. In addition, you will not have the right to participate as a representative or member of any class of claimants pertaining to any claim subject to arbitration. The Arbitrator's decision will generally be final and binding. Other rights that you would have if you went to court may also not be available in arbitration. It is important that you read this entire arbitration provision carefully before accepting the terms of this agreement.

Any claim, dispute or controversy (whether in contract, regulatory, tort, or otherwise, whether pre-existing, present or future and including constitutional, statutory, common law, intentional tort and equitable claims) arising from or relating to (a) the credit or services offered or provided to you, (b) the actions of you, us or third parties or (c) the validity of this arbitration provision (individually and collectively, a "Claim") must, after an election by you or us, be resolved by binding arbitration in accordance with this arbitration provision and the Commercial Arbitration Rules of the American Arbitration Association ("AAA") in effect when the Claim is filed (or, in the event this arbitrator or these arbitration rules are no longer available, then a comparable substitute arbitration procedure and/or arbitration organization that does business on a nationwide basis). There shall be no authority for any Claims to be arbitrated on a class action basis. An arbitration can only decide our or your Claim and may not consolidate or join the claims of other persons who may have similar claims. You may obtain rules and forms by calling the AAA at 800-778-7879. Any arbitration hearing that you attend will take place in the federal judicial district where you reside. At your request, we will advance the first $250 of the filing and hearing fees for any Claim you may file against us; the arbitrator will decide whether we or you will ultimately pay those fees. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, and shall honor claims of privilege recognized at law. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. This arbitration provision shall survive repayment of your extension of credit and termination of your account. This arbitration provision shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. If any provision of this Section is ruled invalid or unenforceable, this Section shall be rendered null and void in its entirety.

**OTHER TERMS.** Each person who signs this Note as BORROWER is jointly and severally liable under this Note. Each person who signs this Note as BORROWER is fully liable for all payments, whether or not we try to collect from the other signers. Each BORROWER, individually and jointly, waives presentment, demand, protest or notice and any notice that we are demanding payment in full of the entire outstanding balance because of default or for any other reason. You cannot assign, sell, give a security interest in or arrange an assumption of your interests or rights under this Note or in the Collateral. We can assign the Note to another party, who will have all our rights. If this Note is sold or otherwise transferred, your rights under the law or under this Note are in no way altered or impaired. If any provision in this Note is held to be unenforceable, void, illegal or otherwise against applicable law, the other provisions shall survive and be enforceable separately from any voided provisions. We do not give up any of our rights by delaying or failing to exercise them on any one or more occasions.

**TRANSFERABLE RECORD.** This Note is a "transferable record" as defined in applicable law relating to electronic transactions. Therefore, the holder of this Note may, on behalf of the maker of this Note, create a microfilm or optical disk or other electronic image of this Note that is an authoritative copy as defined in such law. The holder of this Note may store the authoritative copy of such Note in its electronic form and then destroy the paper original as part of the holder's normal business practices. The holder, on its own behalf, may control and transfer such authoritative copy as permitted by such law.

**INFORMATION REPORTED TO CONSUMER REPORTING AGENCIES.** Under the Fair Credit Reporting Act, you have the right to notify us if you believe we have reported inaccurate information about your account to any Consumer Reporting Agency. Such notices should be sent in writing and include your complete name, current address, Social Security Number, telephone number, account number, type of account, specific item of dispute and the reason why you believe the information reported is in error. You must send your notice to the LENDER at the address on page one of this Note.

**Important:** Read before signing. The terms of this Note should be read carefully because only those terms in writing are enforceable. No other terms or oral promises not contained in this Note may be legally enforced. You may change the terms of this Note only by another written agreement signed by you and us. This Note is a final expression of the credit agreement between you and us. This Note may not be contradicted by evidence of any prior oral credit agreement or of a contemporaneous oral credit agreement between you and us. Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you and us from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this Note, which is the complete and exclusive statement of the agreement between you and us, except as you and us may later agree in writing to modify it.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF THE GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

L2LMlti 03/10

12-47135-pjs   Doc 28   Filed 10/29/14   Entered 10/29/14 14:39:04   Page 8 of 15

30 8

```
A SOS 54 07/27/2011 13:41:54 CCF/JAVAP1999/170_135_241_46/1.
53;1;5FNRL38206B071330.
TITLE INFORMATION:
2006 HONDA        5FNRL38206B071330     25 STA-WAGON      TRANSFER
    07/18/2011    223Z1960400    ODYSSEY              78858 A
```

NANCY MOOG DEWACHTER
30216 BECKY LN
ROMULUS 48174-3338

US BANK NATIONAL ASSOCIATION
PO BOX 3427    07/15/2011
OSHKOSH WI 54903

REGISTRATION INFORMATION:

```
    .F2                         DX-CORRECTION   *HCPLT*
  12/23/2011
MI SOS
```



EXHIBIT C



| AUTOS | CLASSIC CARS | MOTORCYCLES | BOATS | RVS | MANUFACTURED HOMES | PRODUCT STORE |



Lease a new 2014 Subaru XV Crosstrek — SUBARU — St. Cloud Subaru, Saint Cloud, MN

Change Make > Change Year & Model > Change Trim > Change Mileage & Options > Values



## 2006 Honda Odyssey-V6
### Wagon 5D LX

See Pictures     **Compare to Other Cars**

Values | Specifications | Pictures | Reviews & Ratings | Safety
Values | CPO Pricing | CPO Incentives & Deals | Cost to Own | Calculate Payments

## Values

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $4,625 | $5,600 | $6,400 | $8,825 |
| Mileage | N/A | N/A | N/A | N/A |
| Total Base Price | $4,625 | $5,600 | $6,400 | $8,825 |
| Options: (add) | | | | |
| Price with Options | $4,625 | $5,600 | $6,400 | $8,825 |

Is this 2006 Honda Odyssey a car you can trust? Check the AutoCheck vehicle history report >>

### Search Used Car Listings

We found **1** 2006 Honda listings within **100** miles of your zip code.

Powered by AutoTrader.com     Submit



Green Odyssey with 117,444 miles
View All

### Vehicle History Report

Get answers to buy with confidence.
- Check for accidents
- Confirm the reported mileage
- Get unlimited reports

Check to see if your VIN has reported events.

Enter VIN (optional)    Submit
                        Where's the VIN?

Powered by AutoCheck

### Car Buying & Selling Services

Sell your car now on AutoTrader.com        Find cars for sale in your local area
Free new car dealer quote                  Get pre-approved for an auto loan
Get a free insurance quote provided by GEICO

Next: CPO Pricing

EXHIBIT D

WWR# 20731843

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION - DETROIT

In Re: Nancy M. DeWachter

Case No. 12-47135
Chapter 13
Hon. Phillip J. Shefferly

Debtor
_____/

## STATEMENT OF CREDITOR
## REGARDING CORPORATE OWNERSHIP FOR
## U.S. BANK N.A. ND

[☒]   The following entities directly or indirectly own 10% or more of any class of the Creditor's equity interest.

    Name: U.S. Bank National Association ND is a wholly owned subsidiary of U.S. Bancorp.
    Address: _____

    Name: _____
    Address: _____

    Name: _____
    Address: _____

    Name: _____
    Address: _____

    **(For additional names, attach an addendum to this form)**

[ ]   There are no entities that directly or indirectly own 10% or more of any class of the Creditor's equity interest.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 10/24/2014

/s/ David A. Wolfe
Signature of Attorney for
Corporation
U.S. Bank N.A. ND
2155 Butterfield Drive, Suite 200-S
Troy, MI 48084
248-362-6142
dwolfe@weltman.com

WWR# 20731843

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION - DETROIT

In Re: Nancy M. DeWachter

          Debtor,

Case No. 12-47135
Chapter 13
Hon. Phillip J. Shefferly

_____/

WELTMAN, WEINBERG & REIS CO., L.P.A
By: David A. Wolfe (P60235)
Attorneys for Creditor
U.S. Bank N.A. ND
2155 Butterfield Drive, Suite 200-S
Troy, Michigan 48084
348-362-6142
dwolfe@weltman.com

Neal J. Brand (P-60137)
Attorney for Debtor
21700 Northwestern Hwy, Ste., 670
Southfield, MI 48075
248-423-4500
_____/

### NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY
### TO THE DEBTOR/RESPONDENT:

**<u>Your rights may be affected.</u>** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).

If you do not want the court to Lift the Automatic Stay as to Creditor, U.S. Bank N.A. ND, or if you want the court to consider your views on the Motion for Relief from Automatic Stay, within 14 days you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

    United States Bankruptcy Court
    211 W. Fort Street, 21st Floor
    Detroit, MI 48226

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

WELTMAN, WEINBERG & REIS, CO., L.P.A
Attention: David A. Wolfe, Esq.
2155 Butterfield Drive, Suite 200-S
Troy, Michigan 48084

David Ruskin, Trustee
26555 Evergreen Rd., Ste. 1100
Southfield, MI 48076-4251

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

    Respectfully submitted,
    **WELTMAN, WEINBERG & REIS CO., L.P.A.**

Dated: October 24, 2014

    By: /s/ David A. Wolfe
    David A. Wolfe (P60235)
    Attorneys for Creditor
    U.S. Bank N.A. ND
    2155 Butterfield Drive, Suite 200-S
    Troy, Michigan 48084
    248-362-6142
    dwolfe@weltman.com

WWR# 20731843

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION - DETROIT

In Re: Nancy M. DeWachter

                Debtor,

Case No. 12-47135
Chapter 13
Hon. Phillip J. Shefferly
_____/

WELTMAN, WEINBERG & REIS CO., L.P.A
By: David A. Wolfe (P60235)
Attorneys for Creditor
U.S. Bank N.A. ND
2155 Butterfield Drive, Suite 200-S
Troy, Michigan 48084
248-362-6142
dwolfe@weltman.com

Neal J. Brand (P-60137)
Attorney for Debtor
21700 Northwestern Hwy, Ste., 670
Southfield, MI 48075
248-423-4500
_____/

## PROOF OF SERVICE

Creditor U.S. Bank N.A. ND filed a Motion for Relief from the Automatic Stay. A copy of the Motion, with Exhibits, and Notice of Filing of Response Deadline were served upon Debtor's), Debtor's Counsel and the Chapter 13 Trustee by U.S. Mail or by electronic notification on October __28 29__, 2014 at the addresses listed below:

Nancy M. DeWachter
30216 Becky Lane
Romulus, MI 48174

David Ruskin
Chapter 13 Trustee
26555 Evergreen Rd., Ste. 1100
Southfield, MI 48076-4251

Neal J. Brand
Attorney for Debtor
21700 Northwestern Hwy, Ste., 670
Southfield, MI 48075

United States Trustees Office
211 West Fort Street
Suite 700
Detroit, MI 48226

                              Respectfully submitted,
                              **WELTMAN, WEINBERG & REIS CO., L.P.A.**

Dated: October 29, 2014

                        By:  /s/ Patricia Florkey
                               Patricia Florkey, Legal Assistant